IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Christopher Samuel Parnell, ) | Civil Action No. 4:13-cv-00435-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security Administration[1], ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

      Plaintiff Christopher Samuel Parnell ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C.  (ECF No. 21.)

      The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB").  (Id. at 38.)  Plaintiff timely filed objections to the Magistrate Judge's recommendation.  (ECF No. 23.)  For the reasons set forth below, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for DIB pursuant to sentence four (4) of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as Defendant in this lawsuit.

1

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report and Recommendation. (See ECF No. 21 at 6–19.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on October 23, 1971 and is presently forty-two (42) years old. (ECF No. 14-5 at 2.) Plaintiff has at least a high school education and past relevant work experience as a dispatcher, and as an employee in shipping and receiving. (ECF No. 14-2 at 30–31.) He filed an application for DIB on November 5, 2009, alleging disability since November 16, 2006, due to congenital scoliosis with compressed discs, degenerative disc disease status post lumbar spinal fusion and depression. (ECF No. 14-5 at 2; see also ECF No. 14-2 at 22.) Plaintiff's application was denied initially and upon reconsideration on August 25, 2010. (ECF No. 14-4 at 10.) Plaintiff then requested an administrative hearing on September 10, 2010. (Id. at 12.) On June 7, 2011, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), who found on August 25, 2011, that Plaintiff was not under a disability as defined by the Social Security Act ("SSA") because he was capable of "making a successful adjustment to other work that exists in significant numbers in the national economy." (ECF No. 14-2 at 32, 91.) Thereafter, the Appeals Council denied Plaintiff's request for review on January 16, 2013, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (Id. at 2.)

Subsequently, on February 18, 2013, Plaintiff commenced an action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's

claim for DIB.  (ECF No. 1.)  On August 5, 2014, the Magistrate Judge issued his recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB be affirmed.  (ECF No. 21.)  Plaintiff filed timely objections to the Magistrate Judge's recommendation on August 22, 2014.  (ECF No. 23.)  The Commissioner filed a response to Plaintiff's objections on September 8, 2014.  (ECF No. 25.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     The Magistrate Judge's Report and Recommendation

The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

B.     The Court's Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  Thomas v. Celebrezze, 331 F.2d 541,

3

543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See <u>Vitek v. Finch</u>, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. See <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." <u>Flack v. Cohen</u>, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." <u>Vitek</u>, 438 F.2d at 1157–58.

C.      The Magistrate Judge's Report and Recommendation

In the thoroughly prepared Report and Recommendation, the Magistrate Judge, after providing an exhaustive review of Plaintiff's medical history, found that substantial evidence supported the ALJ's weighing of the medical evidence. (<u>See</u> ECF No. 21 at 19–26.) Specifically, the Magistrate Judge found that the ALJ properly gave limited weight to the opinions of Dr. David C. Trott[2] and Dr. Robert E. Flandry[3], which opinions pre-dated Plaintiff's

---

[2] David C. Trott, M.D., evaluated Plaintiff on November 20, 2006, for "constant right low back and leg pain with intensity of 9/10." (ECF No. 14-7 at 5.) Dr. Trott diagnosed Plaintiff with a "back strain, Lumbar" that was "highly suggestive of a ruptured disk." (<u>Id.</u>) Dr. Trott further concluded that Plaintiff "was not medically fit even for light duty at this time." (<u>Id.</u> at 6.)

[3] Robert E. Flandry, M.D., evaluated Plaintiff on December 14, 2006, for "back and right leg pain" and diagnosed him with "lumbar and thoracic scoliosis secondary to hemi vertebra and L5 radiculitis right secondary to hemi vertebra at L3 and aggravated by work related injury." (ECF No. 14-7 at 33–34.) Dr. Flandry concluded that Plaintiff should be treated with an epidural block and recommended that he switch to a "sedentary or very light duty job with a weight limitation of 15 pounds lifting on an occasional basis, no repeated lifting of any weights and the ability to change positions as needed." (<u>Id.</u> at 34.)    On January 24, 2007, Dr. Flandry opined that Plaintiff "should stay on a sedentary job" and "[t]he maximum lift for him should be no more

back surgery on November 13, 2008, that allegedly improved his symptoms.  (ECF No. 21 at 21.)  The Magistrate Judge next found that the ALJ appropriately attributed little weight to the opinion of Dr. Patrick B. Mullen[4] because he examined Plaintiff on only one occasion and did not have a treating relationship with Plaintiff.  (Id. at 22.)  The Magistrate Judge further found that the ALJ properly attributed some weight, but not controlling weight, to Plaintiff's treating physician Dr. David L. Shallcross[5] because Shallcross' assessment was not supported "by his own treatment notes and was inconsistent with the record as a whole."  (Id. at 24-25.)  Finally, the Magistrate Judge did not find error in the ALJ's failure to give any weight to the opinion of Dr. Carol Kooistra[6] because she also examined Plaintiff on only one occasion and her "assignment of a twenty-five percent impairment is consistent with Dr. Horton's assignment of a twenty-three percent impairment, with which Dr. Horton released Plaintiff 'for unlimited

---

than 10 pounds on occasion, frequent lifts of 5 pounds but no more than 10 per day and the ability to stand, sit and walk as needed."  (Id. at 31.)

[4] Patrick B. Mullen, M.D., P.A., performed a consultative psychiatric evaluation of Plaintiff on July 29, 2009.  (ECF No. 14-7 at 119–122.)  Dr. Mullen diagnosed Plaintiff with "chronic pain disorder, moderate; depression, major, moderate; situational adjustment reaction; congenital scoliosis; [and] disc herniation."  (Id. at 122.)  Dr. Mullen concluded that Plaintiff was "not a candidate for the active work force."  (Id.)  Dr. Mullen treated Plaintiff for depression in July 2010.  (ECF No. 14-8 at 102–104.)

[5] David L. Shallcross, M.D., evaluated Plaintiff for pain management on April 29, 2008.  (ECF No. 14-8 at 19–20.)

[6] Dr. Carol A. Kooistra, M.D., performed a consultative independent medical evaluation of Plaintiff on August 3, 2009, and diagnosed him with "chronic low back pain and right L4 radiculopathy status post two level fusion secondary to the combination of disc bulge and congenital spinal dysmorphism."  (ECF No. 14-7 at 124.)  Dr. Kooistra concluded that Plaintiff had a twenty-five (25) percent impairment of the spine.  (Id.)

5

activities' and stated that Plaintiff could work full time."[7]  (Id. at 25.)

The Magistrate Judge also found that the ALJ did not mischaracterize and/or misstate the record as alleged by Plaintiff.  (Id. at 28.)  In support of this finding, the Magistrate Judge observed that Plaintiff's complaints can be attributed to the "ALJ reciting the information contained in the medical evidence, not interpreting it."  (Id. at 27.)

The Magistrate Judge concluded that the ALJ properly evaluated Plaintiff's credibility because the ALJ "accepted that Plaintiff had medically determinable impairments that could be reasonably expected to cause the alleged symptoms, but cited both objective and subjective evidence detracting from Plaintiff's statements regarding the extent of his limitations."  (Id. at 30.)  In this regard, the Magistrate Judge observed that "the ALJ's discussion of Plaintiff's credibility is specific and goes beyond mere boilerplate language" and is supported by substantial evidence.  (Id. at 32-33.)

The Magistrate Judge did not agree with Plaintiff that the ALJ committed reversible error by failing to consider the vocational reports of Dr. William W. Stewart[8] and Mr. Randy Adams[9],

---

[7] William Horton, M.D., operated on Plaintiff on November 13, 2008, by performing a "hemivertebrectomy L3 with posterior spinal fusion L2 to L4 with local graft BMP and PEEK cage."  (ECF No. 14-7 at 37.)

[8] Dr. William W. Stewart, CRC, CVE, LPC, conducted a vocational and rehabilitation evaluation of Plaintiff on September 24, 2009.  (ECF No. 14-8 at 95–101.)  Dr. Stewart concluded that the following jobs were within Plaintiff's vocational profile and medically assigned work restrictions:  dispatcher, processing clerk, security monitor, warehouse attendant, processing machine tender, order clerk, counter clerk, quality control clerk/inspector, and packing machine tender.  (Id. at 100.)  Dr. Stewart did however observe that Plaintiff's "ability to perform and sustain the jobs is dependent on his being medically and psychologically cleared to work.  (Id. at 101.)

[9] Randy L. Adams, M. Ed., CVE, conducted a vocational evaluation of Plaintiff on August 5, 2009.  (See ECF No. 14-6 at 62–71.)  Adams opined that Plaintiff was "not capable of obtaining or maintaining any substantial gainful activity" and "he should be considered permanently and totally disabled from any work."  (Id. at 71.)

which reports were exhibits in Plaintiff's workers' compensation case. (Id. at 34.) In response to Plaintiff's criticism of the ALJ, the Magistrate Judge stated that "although the ALJ did not specifically reference these reports, it is evident from the decision that he considered Plaintiff's workers' compensation case and the testimony given at the related hearing" and, furthermore, "any omission of these two reports in the ALJ's decision constitutes harmless error." (Id. at 35.)

Finally, the Magistrate Judge found that the ALJ appropriately gave little weight to a November 9, 2009 order of the South Carolina Workers' Compensation Commission ("SCWCC"), which order found Plaintiff to be permanently and totally disabled. (Id. at 36-37.) The Magistrate Judge determined that the weight given was appropriate because the SCWCC's order (1) "was predicated on a medical determination, not functional limitations"; (2) resulted from a variance in the testimony Plaintiff provided before the SCWCC from that provided to the ALJ; and (3) was reviewed and considered by the ALJ in the context of the evidentiary inconsistencies. (Id.)

Based on the foregoing, the Magistrate Judge recommended that this court affirm the Commissioner's decision. (Id. at 38.)

D.      Plaintiff's Objections and the Commissioner's Response

Plaintiff contends that his objections support reversing the Commissioner's decision because he is entitled to disability benefits under the provisions of the SSA or, in the alternative, a remand of the case for a further hearing. (ECF No. 23 at 10.) Objections to the Report and Recommendation must be specific. See U.S. v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984) (failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge); see also Camby, 718 F.2d at 199 (in the absence of specific objections to the Report of the magistrate

judge, this court is not required to give any explanation for adopting the recommendation).

Plaintiff first objects to the finding in the Report and Recommendation that substantial evidence supported the ALJ's determination that Plaintiff lacked credibility and was thus not disabled. (ECF No. 23 at 1.) Plaintiff asserts that the Magistrate Judge and the ALJ applied the wrong standard for determining what constitutes a disability because "periodically walking on a treadmill, going to church, singing in a gospel group and going to Atlanta for medical treatment is not substantial evidence that . . . [Plaintiff] is able to work." (ECF No. 23 at 2 (citing Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981) ("[S]poradic or transitory activity does not disprove disability.")).) Therefore, Plaintiff argues that because "[t]he conditions of work are not identical to those of home life," his "testimony and the medical evidence about his activities of daily living does not undercut his claim of disability." (Id. (citing O'Connor v. Sullivan, 938 F.2d 70, 73 (7th Cir. 1991)).)

Plaintiff's second objection is to a conclusion in the Report and Recommendation that the ALJ properly considered the vocational reports of Dr. Stewart and Mr. Adams under Social Security Ruling ("SSR") 06-3p, 2006 WL 2329939 (Aug. 9, 2006)[10]. (Id. at 3.) Plaintiff asserts that the ALJ's decision did not mention at all the reports of Dr. Stewart or Mr. Adams and "[t]he failure to consider these exhibits is fatal to the . . . [Commissioner]'s reasoning for the denial of .

---

[10] SSR 06-03p clarifies how the Social Security Administration (SSA) considers evidence from individuals who are not an "acceptable medical source," such as nurse-practitioners, physicians' assistants, chiropractors, and therapists among others. SSR 06-03p notes that "non-medical sources" that have had contact with the claimant in a professional capacity are "valuable sources of evidence for assessing impairment severity and functioning." 2006 WL 2329939, at *3. SSR 06-03p notes that non-medical opinions need to be evaluated by the relevant factors in an Administrative Decision. The case record should reflect the consideration of opinions from "'non-medical sources' who have seen the individual in their professional capacity," and the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Id. at *6.

8

. . [Plaintiff]'s claim. (Id.)

In his third objection, Plaintiff alleges error by the Magistrate Judge in finding that the ALJ properly considered the SCWCC's order, which concluded that Plaintiff was permanently and totally disabled. (Id. at 4.) Plaintiff specifically disagrees with the Magistrate Judge that the ALJ could afford little weight to the SCWCC's decision when Fourth Circuit precedent requires that this determination be given substantial weight. (Id. (citing Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 341 (4th Cir. 2012)[11]).) Plaintiff further disagrees with the Magistrate Judge that the ALJ properly found that the SCWCC's decision was based on a "medical determination, not functional limitations" when the "the rule in South Carolina has long been '[t]he generally accepted test of total disability is inability to perform services other than those that are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist.'" (Id. at 5 (citing Watson v. Xtra Mile Driver Training, Inc., 732 S.E.2d 190, 194 (S.C. Ct. App. 2012) (internal citation & quotation marks omitted)).)

In his fourth objection, Plaintiff contends that the Magistrate Judge erred by finding that the ALJ gave proper weight to the opinions of Plaintiff's treating and examining physicians. Plaintiff asserts that this was in error because the finding relies on the incorrect assumption that the light duty Plaintiff worked was light duty as defined by the SSA. (Id.) In this regard, Plaintiff asserts that he was "doing the shipping and receiving records" and not "performing a job that had the light exertional level of sitting limited to two hours out of an eight-hour day; standing limited to six hours out of an eight-hour day; lifting twenty pounds occasionally; or, ten pounds frequently." (Id. at 5–6.) As a result of their failure to understand this light duty

---

[11] In Bird v. Commissioner of Social Security Administration, the Fourth Circuit addressed whether evidence created after a claimant's date last insured could be considered to prove disability arising before the date last insured. The Court held that medical evidence produced after the date last insured is generally admissible and relevant if such evidence "permits an inference of linkage with the claimant's pre[date last insured] condition." Bird, 699 F.3d at 341.

discrepancy, Plaintiff asserts that it was improper for the ALJ and the Magistrate Judge to give little weight to or disregard entirely the medical evidence provided by Drs. Trott, Flandry, Mullen, Shallcross, and Kooistra.  (Id. at 6–8.)

In his fifth and final objection, Plaintiff asserts that the Magistrate Judge's erroneous findings allow the ALJ to "mischaracterize and misstate the evidence" to disprove Plaintiff's disability by focusing on his "failure to use a cane, his use of a treadmill, and his travel to Atlanta for medical treatment i.e. specialized back surgery."  (Id. at 9.)  Plaintiff argues that these sporadic occurrences do not disprove his disability and he fails to understand why the Magistrate Judge supported the ALJ's position.  (Id.)

In response to Plaintiff's objections, the Commissioner asserts that Plaintiff's objections consist of arguments previously made in his initial brief and requests that the court "reject Plaintiff's objections, adopt the Magistrate Judge's well-reasoned and thorough Report and Recommendation, and affirm the Commissioner's final decision that Plaintiff was not disabled within the strict confines of the Social Security Act."  (ECF No. 25 at 2.)

E.     The Court's Review

The court has reviewed Plaintiff's objections to the Magistrate Judge's Report and Recommendation.  After de novo review of Plaintiff's objections, the court finds that the Magistrate Judge performed a thorough analysis of the record, including his evaluation of the medical evidence as it relates to Plaintiff's objections.  In this regard, the court overrules Plaintiff's objections to the Magistrate Judge's findings that the ALJ (1) properly evaluated Plaintiff's credibility and (2) gave appropriate weight to the SCWCC's order.  Specifically, the court finds that there is evidence in the record to support the ALJ's assessment of Plaintiff's credibility regarding the extent of his limitations.  Shively v. Heckler, 739 F.2d 987, 989 (4th

Cir. 1984) ("Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight.") (citation omitted).  The court further finds that both the evidence in the record and regulatory law support the ALJ's assessment of weight given to the order of the SCWCC. See 20 C.F.R. § 404.1504 ("A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind.  We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.").

However, in evaluating the merits of Plaintiff's remaining objections which all focus on some aspect of the ALJ's weighing of the medical evidence presented by various physicians and vocational experts, the court finds that the ALJ failed to fully explain the basis for determining that Plaintiff would not need absences from a workstation due to his impairments or be off task for twenty (20) percent of an eight hour workday.  This explanation is relevant to the determination of whether substantial evidence supports the Commissioner's decision because the vocational expert testified at the administrative hearing that these limitations would preclude Plaintiff from working a job existing in the national economy:

> Q.   Hypothetical number two which is the same as hypothetical number one. The only modification is that this individual would have absences from the work station.  The frequency and the duration of the absences would be in sole discretion of this hypothetical individual.  It would occur on a daily basis and this person would need to absent themselves from the work station because of pain and it could be minutes one day, it could be up to an entire day the next day this would occur on a daily basis.  Would that affect your answer?
> A.   It would, your honor.
> Q.   How.
> A.   It would preclude work, the work that I identified or any other work.
>         . . .

> Q. Dr. Hecker, taking the judges first hypothetical, if you had a hypothetical individual who would be what I would term to be off task for 20 percent of an eight hour work day. Would that person be able to perform those jobs or any other jobs in the national economy?
> A. No, sir.

(ECF No. 14-2 at 134.) Therefore, because of the aforementioned testimony, the court concludes that the matter should be remanded so that the ALJ can properly specify the medical evidence in the record that supports a finding as to why Plaintiff does not possess the limitations that the vocational expert states would make him unable to perform any jobs in the national economy.

### III.     CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation incorporating it by reference, and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 30, 2014
Columbia, South Carolina